IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRANDYWINE COMMUNICATIONS
TECHNOLOGIES, LLC,

                    Plaintiff,

        v.                                              Civil Action No. _____

AASTRA USA, INC. AND AASTRA
TECHNOLOGIES, LTD.,                                     JURY TRIAL DEMANDED

                    Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brandywine Communications Technologies, LLC ("Brandywine" or "Plaintiff"),

by way of Complaint against the above-named Defendants (collectively, "Aastra" or

"Defendant"), alleges the following:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.      Plaintiff Brandywine is a limited liability company organized under the laws of

the State of Delaware with a place of business at 1612 Mt. Pleasant Road, Villanova,

Pennsylvania, 19085.

3.      Defendant Aastra Technologies, Ltd. is a corporation organized under the laws of

Canada with its principal place of business at 155 Snow Blvd., Concord, Ontario, Canada, L4K

4N9.

4.      Defendant Aastra USA, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 2811 Internet Boulevard, Frisco, Texas 75034.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7.      On information and belief, Defendant Aastra USA, Inc. is subject to the jurisdiction of this Court because it is incorporated in this State.  On information and belief, each Defendant is subject to the jurisdiction of this Court by virtue of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State.  As such, each Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

8.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## FACTUAL BACKGROUND

9.      On December 13, 1994, U.S. Patent No. 5,881,142 (the "'142 Patent"), entitled "Integrated Communications Control Device for a Small Office Configured for Coupling Within a Scalable Network," was duly and legally issued by the United States Patent and Trademark Office to inventors David P. Frankel, Gregory E. Pounds, and William D. Strauss, and has been duly and legally assigned to Brandywine.  A copy of the '142 patent is attached as Exhibit A.

10.      On February 17, 1998, U.S. Patent No. 5,719,922 (the "'922 Patent"), entitled "Simultaneous Voice/Data Answering Machine," was duly and legally issued by the United States Patent and Trademark Office to inventors Gordon Bremer and Richard Kent Smith, and has been duly and legally assigned to Brandywine.  A copy of the '922 patent is attached as Exhibit B.

11.      On May 22, 2001,  U.S. Patent No. 6,236,717 (the "'717 Patent"), entitled "Simultaneous Voice/Data Answering Machine" was duly and legally issued by the United States Patent and Trademark Office to inventors Gordon Bremer and Richard Kent Smith, and has been duly and legally assigned to Brandywine.  A copy of the '717 patent is attached as Exhibit C.

12.      On December 11, 2012, Brandywine sent a letter to Defendant notifying Defendant that it has been infringing the '142, '922, and '717 Patents through the use and sale of its office phone and voicemail systems, software, and services.  This letter was sent by certified mail with return receipt requested.  Upon information and belief, Defendant has received the letter.

13.      On December 19, 2012, Brandywine's counsel conferred with counsel for Defendant regarding issues identified in Brandywine's December 11, 2012 letter.

14.      On December 27, 2012, Brandywine's counsel again conferred with counsel for Defendant, and provided Defendant additional notice regarding its infringing systems, software, and services.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 5,881,142
## (35 U.S.C. § 271)

15.     The allegations set forth in the foregoing paragraphs 1 through 14 are hereby

realleged and incorporated herein by reference.

16.     Upon information and belief, Defendant has infringed and continues to infringe

one or more claims of the '142 Patent in this judicial district and elsewhere by making, using,

selling, and/or offering for sale services and products that infringe and/or perform processes that

infringe one or more claims of the  '142 Patent ("Accused Services and Products for the '142

Patent").

17.     Upon information and belief, Defendant's Accused Services and Products for the

'142 Patent include but are not limited to Defendant's office phone systems, software, and

services, including but not limited to the MX-ONE telephone switch and system, the Pointspan

system, the Aastra 700 Communications Platforms, and associated hardware and software.

18.     Defendant had actual knowledge of the '142 Patent and its alleged infringement of

that patent since at least the time it received Brandywine's December 11, 2012 notice of

infringement letter and the December 19 and 27, 2012 phone discussions with Brandywine's

counsel.

19.     Upon information and belief, since at least the time it received Brandywine's

December 11, 2012 notice letter and the December 19 and 27, 2012 phone discussions,

Defendant has committed and continues to commit acts of contributory infringement of the '142

Patent under 35 U.S.C. § 271(c) by providing products, including the Accused Services and

Products to others, including but not limited to its customers and partners, knowing or willfully

blind to the fact that that these products constitute a material part of the invention, were

especially made or especially adapted for use in an infringement of the '142 Patent, and have no substantial non-infringing uses.

20.     In particular, the Accused Services and Products include office phone systems, which constitute an especially adapted component to implement an inter-office telephone network.  These systems are used by Defendant's partners and customers to perform all of the steps recited in at least one claim of the '142 Patent.  These systems have no substantial non-infringing uses at least because they contain components whose only purpose is to implement the infringing inter-office telephone network.  The use of these systems by Defendant's partners and customers constitutes direct infringement of at least one claim of the '142 Patent.  Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from Brandywine and conferred with Brandywine's counsel, when Defendant learned that such activities infringed the '142 Patent.

21. Upon information and belief, since at least the time it received Brandywine's December 11, 2012 notice letter and discussed this matter with Brandywine's counsel on December 19 and 27, 2012, Defendant has induced and continues to induce others to infringe at least one claim of the '142 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Services and Products constitutes direct infringement of at least one claim of the '142 Patent.

22.     In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Services and Products and providing instruction materials, training, and consulting services regarding the Accused Services and Products.  On information and belief, Defendant has engaged in such actions with specific

intent to cause infringement or with willful blindness to the resulting infringement because

Defendant has had actual knowledge of the '142 Patent and that its acts were inducing its

customers to infringe the '142 Patent since at least the date it received the notice letter from

Brandywine notifying and conferred with Brandywine's counsel, when Defendant learned that

such activities infringed the '142 Patent.

23.    Despite Brandywine's notice regarding the '142 Patent, Defendant has continued

to infringe the '142 Patent.  On information and belief, Defendant's infringement has been and

continues to be willful.

24.    Brandywine has been harmed by Defendant's infringing activities.

**SECOND CLAIM FOR RELIEF**
**INFRINGEMENT OF U.S. PATENT NO. 5,719,922**
**(35 U.S.C. § 271)**

25.    The allegations set forth in the foregoing paragraphs 1 through 24 are hereby

realleged and incorporated herein by reference.

26.    Upon information and belief, Defendant has infringed and continues to infringe

one or more claims of the '922 Patent in this judicial district and elsewhere by making, using,

selling, and/or offering for sale services and products that infringe and/or perform processes that

infringe one or more claims of the  '922 Patent ("Accused Services and Products for the '922

Patent").

27.    Upon information and belief, Defendant's Accused Services and Products for the

'922 Patent include but are not limited to Defendant's systems, software, and services that

implement a visual interface to a user's voicemail in which individual messages may be viewed

according to sender and selectively played back ("visual voicemail"), including but not limited to

the Aastra 700 Communications Platforms, the MX-ONE telephone switch and system, the

Pointspan system, the Clearspan softswitch and software, and the OneBox software.

28.     Defendant had actual knowledge of the '922 Patent and its alleged infringement of

that patent since at least the time it received Brandywine's December 11, 2012 notice of

infringement letter and the December 19 and 27, 2012 phone discussions with Brandywine's

counsel.

29.     Upon information and belief, since at least the time it received Brandywine's

December 11, 2012 notice letter and the December 19 and 27, 2012 phone discussions,

Defendant has committed and continues to commit acts of contributory infringement of the '922

Patent under 35 U.S.C. § 271(c) by providing products, including the Accused Services and

Products to others, including but not limited to its customers and partners, knowing or willfully

blind to the fact that that these products constitute a material part of the invention, were

especially made or especially adapted for use in an infringement of the '922 Patent, and have no

substantial non-infringing uses.

30.     In particular, the Accused Services and Products include Defendant's visual

voicemail systems and software, which constitute an especially adapted component to implement

a visual voicemail storage system and interface.  These systems are used by Defendant's partners

and customers to perform all of the steps recited in at least one claim of the '922 Patent.  These

systems have no substantial non-infringing uses at least because they contain components whose

only purpose is to implement the infringing visual voicemail system or service.  The use of these

systems by Defendant's partners and customers constitutes direct infringement of at least one

claim of the '922 Patent.  Defendant has known or remained willfully blind to these facts since at

least the date it received the notice letter from Brandywine and conferred with Brandywine's

counsel, when Defendant learned that such activities infringed the '922 Patent.

31.     Upon information and belief, since at least the time it received Brandywine's

December 11, 2012 notice letter and discussed this matter with Brandywine's counsel on

December 19 and 27, 2012, Defendant has induced and continues to induce others to infringe at

least one claim of the '922 Patent under 35 U.S.C. § 271(b) by, among other things, and with

specific intent or willful blindness, actively aiding and abetting others to infringe, including but

not limited to Defendant's partners and customers, whose use of the Accused Services and

Products constitutes direct infringement of at least one claim of the '922 Patent.

32.     In particular, Defendant's actions that aid and abet others such as its partners and

customers to infringe include advertising and distributing the Accused Services and Products and

providing instruction materials, training, and consulting services regarding the Accused Services

and Products.  On information and belief, Defendant has engaged in such actions with specific

intent to cause infringement or with willful blindness to the resulting infringement because

Defendant has had actual knowledge of the '922 Patent and that its acts were inducing its

customers to infringe the '922 Patent since at least the date it received the notice letter from

Brandywine and conferred with Brandywine's counsel, when Defendant learned that such

activities infringed the '922 Patent.

33.     Despite Brandywine's notice regarding the '922 Patent, Defendant has continued

to infringe the '922 Patent.  On information and belief, Defendant's infringement has been and

continues to be willful.

34.     Brandywine has been harmed by Defendant's infringing activities.

### THIRD CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. 6,236,717
### (35 U.S.C. § 271)

35.     The allegations set forth in the foregoing paragraphs 1 through 34 are hereby

realleged and incorporated herein by reference.

36.     Upon information and belief, Defendant has infringed and continues to infringe

one or more claims of the '717 Patent in this judicial district and elsewhere by making, using,

selling, and/or offering for sale services and products that infringe and/or perform processes that

infringe one or more claims of the '717 Patent ("Accused Services and Products for the '717

Patent").

37.     Upon information and belief, Defendant's Accused Services and Products for the

'717 Patent include but are not limited to Defendant's systems, software, and services that

implement a visual interface to a user's voicemail in which individual messages may be viewed

according to sender and selectively played back ("visual voicemail"), including but not limited to

the Aastra 700 Communications Platforms, the MX-ONE telephone switch and system, the

Pointspan system, the Clearspan softswitch and software, and the OneBox software.

38.     Defendant had actual knowledge of the '717 Patent and its alleged infringement of

that patent since at least the time it received Brandywine's December 11, 2012 notice of

infringement letter and the December 19 and 27, 2012 phone discussions with Brandywine's

counsel.

39.     Upon information and belief, since at least the time it received Brandywine's

December 11, 2012 notice letter and the December 19 and 27, 2012 phone discussions,

Defendant has committed and continues to commit acts of contributory infringement of the '717

Patent under 35 U.S.C. § 271(c) by providing products, including the Accused Services and

Products to others, including but not limited to its customers and partners, knowing or willfully blind to the fact that that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '717 Patent, and have no substantial non-infringing uses.

40.     In particular, the Accused Services and Products include Defendant's visual voicemail systems and software, which constitute an especially adapted component to implement a visual voicemail storage system and interface.  These systems are used by Defendant's partners and customers to perform all of the steps recited in at least one claim of the '717 Patent.  These systems have no substantial non-infringing uses at least because they contain components whose only purpose is to implement the infringing visual voicemail system or service.  The use of these systems by Defendant's partners and customers constitutes direct infringement of at least one claim of the '717 Patent.  Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from Brandywine and conferred with Brandywine's counsel, when Defendant learned that such activities infringed the '717 Patent.

41.     Upon information and belief, since at least the time it received Brandywine's December 11, 2012 notice letter and discussed this matter with Brandywine's counsel on December 19 and 27, 2012, Defendant has induced and continues to induce others to infringe at least one claim of the '717 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Services and Products constitutes direct infringement of at least one claim of the '717 Patent.

42.     In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Services and Products and

providing instruction materials, training, and consulting services regarding the Accused Services

and Products.  On information and belief, Defendant has engaged in such actions with specific

intent to cause infringement or with willful blindness to the resulting infringement because

Defendant has had actual knowledge of the '717 Patent and that its acts were inducing its

customers to infringe the '717 Patent since at least the date it received the notice letter from

Brandywine and conferred with Brandywine's counsel, when Defendant learned that such

activities infringed the '717 Patent.

43.     Despite Brandywine's notice regarding the '717 Patent, Defendant has continued

to infringe the '717 Patent.  On information and belief, Defendant's infringement has been and

continues to be willful.

44.     Brandywine has been harmed by Defendant's infringing activities.

## JURY DEMAND

Brandywine demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Brandywine respectfully requests that this Court enter judgment for

Brandywine and against Defendant as follows:

a.     An adjudication that Defendant has infringed the '142, '922, and '717 Patents;

b.     An award of damages to be paid by Defendant adequate to compensate

Brandywine for Defendant's past infringement of the above Patents, and any continuing or future

infringement through the date such judgment is entered, including interest, costs, expenses and

an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c.     An order that Defendant pay an ongoing royalty in an amount to be determined

for any continued infringement of the above Patents after the date judgment is entered;

      d.        An award of treble damages under 35 U.S.C. § 284;

      e.        A declaration finding this to be an exceptional case, and awarding Brandywine

attorney fees under 35 U.S.C. § 285; and

      f.        For such further relief at law and in equity as the Court may deem just and proper.

Dated:  December 28, 2012          STAMOULIS & WEINBLATT LLC

             */s/ Richard C. Weinblatt*
             Stamatios Stamoulis #4606
                 stamoulis@swdelaw.com
             Richard C. Weinblatt #5080
                 weinblatt@swdelaw.com
             Two Fox Point Centre
             6 Denny Road, Suite 307
             Wilmington, DE 19809
             Telephone: (302) 999-1540

             *Attorneys for Plaintiff*
             *Brandywine Communications Technologies, LLC*