**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES,<br><br>           Plaintiff,<br><br>      v.<br><br>AASTRA USA, INC., et al.,<br><br>           Defendants. | Civil Action No. 12-1780-SLR |
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES,<br><br>           Plaintiff,<br><br>      v.<br><br>ALCATEL LUCENT USA, INC.,<br><br>           Defendant. | Civil Action No. 12-1781-SLR |
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES,<br><br>           Plaintiff,<br><br>      v.<br><br>ALLWORX CORPORATION,<br><br>           Defendant. | Civil Action No. 12-1782-SLR |

| | |
|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES,<br><br>                    Plaintiff,<br><br>            v.<br><br>GRANDSTREAM NETWORKS, INC.,<br>                    Defendant. | Civil Action No. 12-1785-SLR |
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>ZULTYS, INC.,<br>                    Defendant. | Civil Action No. 12-1787-SLR |
| ESTECH SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>BRANDYWINE COMMUNICATIONS TECHNOLOGIES,<br>                    Defendant. | Civil Action No. 13-67-SLR |

# RULE 16 ORDER

At Wilmington this _____ day of_____ 2013, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

2

1. **Pre-Discovery Disclosures.**  The parties[1] will exchange by **July 12, 2013,** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

   a. The issues of willfulness and damages shall be bifurcated from liability for purposes of discovery and trial.

   b. Discovery may be needed on the following subjects:  conception; development; reduction to practice; prior art; inventorship; ownership; patent prosecution; claim construction; infringement; non-infringement; validity; invalidity; inducement; contributory infringement; licensing; and all affirmative defenses and counterclaims asserted in the answers to the Amended Complaint and the answers to Counterclaims.

   c. All fact discovery shall be commenced in time to be completed by **August 29, 2014**.

The parties agree to coordinate interrogatories in the following manner:

(1) the Defendants shall be permitted to serve **10 common interrogatories** (which shall be captioned in the same manner as this pleading), to which Plaintiff need only serve a single response (which also shall be captioned in the same manner as this pleading) that may be used by each Defendant in each case.  Defendants shall also be permitted to serve an additional **15 interrogatories** per case.  Likewise, Plaintiff shall be permitted to serve **10 common interrogatories** (which shall be captioned in the same manner as

---

[1] Brandywine and Estech Systems, Inc. exchanged this information on April 15, 2013.  Further, for purposes of applying the requirements set forth in this Scheduling Order, Estech Systems, Inc. (which is a declaratory judgment plaintiff in C.A. No. 13-067-SLR) shall be treated as a Defendant.

this pleading), to which each Defendants shall serve separate or joint responses as appropriate. Plaintiff shall also be permitted to serve an additional **15 interrogatories** per case.

(2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of **25 requests for admission** by each party to any other party, except that there shall be no limit on the number of requests for admission relating to eliminating evidentiary issues for trial (e.g., authentication of documents).

(4) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **January 24, 2014**. The parties shall be governed by the Federal Circuit's Model Order Regarding E-Discovery in Patent Cases. The District of Delaware Default Standard For Discovery, Including discovery of Electronically Stored Information shall not apply to this litigation, except that Plaintiff shall make its initial disclosures under Paragraph 4(a) of the Delaware Default Standard on or before June 28, 2013, which shall include identification of the accused products and the asserted patent(s) they allegedly infringement, as well as production of the file history for each asserted patent.

(5) Maximum of seven (7) fact depositions per case by Plaintiff and maximum of seven (7) fact depositions per case by Defendants. The Defendants shall coordinate depositions to avoid the need for multiple depositions of the inventors and of the Plaintiff. Except for 30(b)(6) depositions, each fact deposition shall be limited to a maximum of

seven (7) hours unless extended by agreement of the parties, except that depositions of named inventors may be taken for 14 hours each. Each seven (7) hours of 30(b)(6) deposition time shall count as one deposition.

(6) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

d. Expert discovery shall be commenced in time to be completed by **December 19, 2014**.

(1) Expert reports on issues for which the parties have the burden of proof are due **October 1, 2014**. Rebuttal expert reports are due **October 29, 2014**. Supplemental reports (e.g., on secondary considerations of nonobviousness) are due **November 19, 2014.**

(2) The parties will confer in good faith to come to an agreement on the length of expert depositions and submit the agreement to the Court by **November 26, 2014**.

(3) All *Daubert* motions shall be filed on or before **March 12, 2015**.

e. The parties will supplement their discovery periodically in accordance with Fed. R. Civ. P. 26(e).

f. **Discovery Disputes.**

(1) The court shall conduct an in-person discovery / status conference on **November __, 2013,** at _____, the time to be allotted equally among the parties. No motions to compel or for protective order shall be filed absent prior approval of the court.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

g. **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to **twenty (20) hours** per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **June 27, 2014**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate[2] for the purposes of exploring ADR. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

5. **Claim Construction Issue Identification.** If the Court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on **July 30, 2014.** This document will not be filed with the Court. Subsequent to

---

[2] The Court may also refer ADR to a Special Master.

exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

    6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

    The parties shall agree upon and file the Joint Claim Construction Statement on **September 16, 2014**, with the claim chart separately docketed. Plaintiff shall serve and file its opening claim construction brief on or before **January 8, 2015**. Defendants shall serve and file their answering claim construction briefs on or before **February 5, 2015**. Plaintiff shall serve and file its reply brief on or before **February 19, 2015**. Defendants shall serve and file their surreply briefs on or before **March 5, 2015.**

    7. **Summary Judgment Motions.**

        a. All summary judgment motions shall be served and filed on or before **March 12, 2014**. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the Court.

        b. Opening briefs on infringement and invalidity shall be served and filed on or before **March 12, 2014.**

        c. Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before **April 9, 2015**.

        d. Where cross-motions are not presented, answering and reply briefs shall be due **within 28 days after the filing of the opening brief and reply briefs shall be due within 14 days after the filing of the answering brief**.

e.  Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

f.  The hearing on the claim construction and motion(s) for summary judgment will be heard **on May __, 2015,** at _____ time.

8. **Applications by Motion.**  Any application to the Court shall be by written motion filed with the clerk.  The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the Court.

a.  Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

b.  No telephone calls shall be made to chambers.

c.  Any party with an emergency matter requiring the assistance of the Court shall email chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov.  The email shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine.  No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.**  A pretrial conference shall be conducted **on August __, 2015, at _____,** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

11. **Trial.**  These cases are scheduled for a series of jury trials, the first of which will commence on **September___, 2015,** , in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.   For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge