IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRANDYWINE COMMUNICATIONS TECHNOLOGIES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 12-1780-SLR |
| AASTRA USA, INC. and AASTRA TECHNOLOGIES LTD., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT AASTRA USA INC.'S ANSWER TO PLAINTIFF BRANDYWINE COMMUNICATIONS TECHNOLOGIES' ORIGINAL COMPLAINT**

Aastra USA Inc. ("Aastra USA"), defendant in the above-entitled and numbered civil action, replies to the Original Complaint of Brandywine Communications Technologies ("Brandywine") as follows.[1]

**NATURE OF THE ACTION**

1.      Aastra USA admits that this action purports to be an action for patent infringement arising under the Patent Laws of the United States, but denies that it has infringed any of the patents-in suit.

2.      Aastra USA is without knowledge or information sufficient to form a belief in the truth of the allegations contained in Paragraph 2 and therefore, denies these allegations.

3.      Aastra USA admits that Aastra Technologies Ltd. Is a corporation organized under the laws of Canada with its principal place of business at 155 Snow Blvd., Concord, Ontario, Canada, L4K 4N9.

---

[1]     Another defendant, Aastra Technologies Ltd., has been named as a defendant in this case but has not been served.  Aastra USA answers Brandywine's Original Complaint solely in its own capacity and does not answer on behalf of Aastra Technologies Ltd.

4.      Aastra USA admits that it is a Delaware corporation with its principal place of business at 2811 Internet Blvd, Frisco, Texas 75034.

## JURISDICTION AND VENUE

5.      Aastra USA admits that this action purports to be for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, but denies that it has infringed the patents-in-suit,

6.      Aastra USA admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7.      Aastra USA admits that it is subject to the personal jurisdiction of this Court because it is incorporated in the State of Delaware.  Aastra USA denies that it has committed any acts of patent infringement in this Judicial District.  Except as admitted above, Aastra USA denies the allegations of Paragraph 7.

8.      Aastra USA admits that venue is proper in this Judicial District under 28 USC §§ 1391(c) and 1400(b).

## FACTUAL BACKGROUND

9.      Aastra USA denies that United Sates Patent No. 5,881,142 (the "'142 Patent"), entitled "Integrated Communications Control Device for a Small Office Configured for Coupling Within a Scalable Network," issued on December 13, 1994.  Aastra USA also denies any further characterization of the '142 Patent, its inventors, or its examination as alleged in Paragraph 9.  Aastra USA is without knowledge or information sufficient to form a belief in the truth of the allegation that the '142 Patent "has been duly and legally assigned to Brandywine," and therefore denies this allegation.  Aastra USA admits that a purported copy of the '142 patent was attached

to the complaint as Exhibit A.  Except as expressly admitted above, Aastra USA denies the allegations in Paragraph 9.

10.     Aastra USA admits that United Sates Patent No. 5,719,922 (the "'922 Patent"), entitled "Simultaneous Voice/Data Answering Machine," issued on February 17, 1998, but denies any further characterization of the '992 Patent, its inventors, or its examination as alleged in Paragraph 10.  Aastra USA is without knowledge or information sufficient to form a belief in the truth of the allegation that the '922 Patent "has been duly and legally assigned to Brandywine," and therefore denies this allegation.  Aastra USA admits that a purported copy of the '992 patent was attached to the complaint as Exhibit B.  Except as expressly admitted above, Aastra USA denies the allegations in Paragraph 10.

11.     Aastra USA admits that United Sates Patent No. 6,236,717 (the "'717 Patent"), entitled "Simultaneous Voice/Data Answering Machine," issued on May 22, 2001, but denies any further characterization of the '717 Patent, its inventors, or its examination as alleged in Paragraph 11.  Aastra USA is without knowledge or information sufficient to form a belief in the truth of the allegation that the '717 Patent "has been duly and legally assigned to Brandywine," and therefore denies this allegation.  Aastra USA admits that a purported copy of the '717 patent was attached to the complaint as Exhibit C.  Except as expressly admitted above, Aastra USA denies the allegations in Paragraph 11.

12.     Aastra USA admits that it received a letter from Brandywine's counsel dated December 11, 2012.  Aastra USA denies Brandywine's characterization of the letter.  Except as expressly admitted above, Aastra USA denies the allegations of Paragraph 12.

13.     Aastra USA admits that on December 19, 2012, Brandywine's counsel conferred with counsel for Aastra USA.  Except as expressly admitted above, Aastra USA denies the allegations of Paragraph 13.

14.     Aastra USA admits that on December 27, 2012, Brandywine's counsel conferred with counsel for Aastra USA.  Aastra USA denies that Brandywine's counsel gave "additional notice" regarding Brandywine's allegations of patent infringement.  Except as expressly admitted above, Aastra USA denies the allegations in Paragraph 14.

### BRANDYWINE'S FIRST CLAIM FOR RELIEF

15.     Aastra USA's answers set forth in the foregoing paragraphs 1 through 14 are hereby realleged and incorporated herein by reference.

16.     Aastra USA denies Brandywine's allegations contained in Paragraph 16.

17.     Aastra USA admits that Brandywine has accused "the MX-ONE telephone switch and system, the Pointspan system, the Aastra 700 Communications Platforms, and associated hardware and software" of infringing the '142 Patent.  Aastra USA denies that any of the accused products infringe the '142 Patent.  Except as expressly admitted above, Aastra USA denies the allegations in Paragraph 17.

18.     Aastra USA admits that it did not have knowledge of the '142 patent until it received Brandywine's December 11, 2012 letter.  Except as expressly admitted above, Aastra USA denies the allegations in Paragraph 18.

19.     Aastra USA denies Brandywine's allegations contained in Paragraph 19.

20.     Aastra USA denies Brandywine's allegations contained in Paragraph 20.

21.     Aastra USA denies Brandywine's allegations contained in Paragraph 21.

22.     Aastra USA denies Brandywine's allegations contained in Paragraph 22.

23.     Aastra USA denies Brandywine's allegations contained in Paragraph 23.

24.     Aastra USA denies Brandywine's allegations contained in Paragraph 24.

## BRANDYWINE'S SECOND CLAIM FOR RELIEF

25.     Aastra USA's answers set forth in the foregoing paragraphs 1 through 24 are
hereby realleged and incorporated herein by reference.

26.     Aastra USA denies Brandywine's allegations contained in Paragraph 26.

27.     Aastra USA admits that Brandywine has accused "the Aastra 700
Communications Platforms, the MX-ONE telephone switch and system, the Pointspan system,
the Clearspan softswitch  and software, and the OneBox software" of infringing the '922 Patent.
Aastra USA denies that any of the accused products infringe the '922 Patent.  Except as
expressly admitted above, Aastra USA denies the allegations in Paragraph 27.

28.     Aastra USA admits that it did not have knowledge of the '922 patent until it
received Brandywine's December 11, 2012 letter.  Except as expressly admitted above, Aastra
USA denies the allegations in Paragraph 28.

29.     Aastra USA denies Brandywine's allegations contained in Paragraph 29.

30.     Aastra USA denies Brandywine's allegations contained in Paragraph 30.

31.     Aastra USA denies Brandywine's allegations contained in Paragraph 31.

32.     Aastra USA denies Brandywine's allegations contained in Paragraph 32.

33.     Aastra USA denies Brandywine's allegations contained in Paragraph 33.

34.     Aastra USA denies Brandywine's allegations contained in Paragraph 34.

## BRANDYWINE'S SECOND CLAIM FOR RELIEF

35.     Aastra USA's answers set forth in the foregoing paragraphs 1 through 34 are
hereby realleged and incorporated herein by reference.

36.     Aastra USA denies Brandywine's allegations contained in Paragraph 36.

37.     Aastra USA admits that Brandywine has accused "the Aastra 700 Communications Platforms, the MX-ONE telephone switch and system, the Pointspan system, the Clearspan softswitch and software, and the OneBox software" of infringing the '717 Patent. Aastra USA denies that any of the accused products infringe the '717 Patent.  Except as expressly admitted above, Aastra USA denies the allegations in Paragraph 37.

38.     Aastra USA admits that it did not have knowledge of the '717 patent until it received Brandywine's December 11, 2012 letter.  Except as expressly admitted above, Aastra USA denies the allegations in Paragraph 38.

39.     Aastra USA denies Brandywine's allegations contained in Paragraph 39.

40.     Aastra USA denies Brandywine's allegations contained in Paragraph 40.

41.     Aastra USA denies Brandywine's allegations contained in Paragraph 41.

42.     Aastra USA denies Brandywine's allegations contained in Paragraph 42.

43.     Aastra USA denies Brandywine's allegations contained in Paragraph 43.

44.     Aastra USA denies Brandywine's allegations contained in Paragraph 44.

## JURY DEMAND

Aastra USA demands a trial by jury in all issues triable as such.

## AASTRA USA'S AFFIRMATIVE DEFENSES

45.     Aastra USA does has not and does not literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents, infringe any valid and/or enforceable claim of the '142 Patent.

46.     Aastra USA does has not and does not literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents, infringe any valid and/or enforceable claim of the '922 Patent.

47.     Aastra USA does has not and does not literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents, infringe any valid and/or enforceable claim of the '717 Patent.

48.     Each of the claims of the '142 patent are invalid for failing to comply with one of more of the requirements for patentability specified by Part II of Title 35 of the United States Code §101 *et seq.*, including without limitation 35 U.S.C. §§ 102, 103 and/or 112.

49.     Each of the claims of the '922 patent are invalid for failing to comply with one of more of the requirements for patentability specified by Part II of Title 35 of the United States Code §101 *et seq.*, including without limitation 35 U.S.C. §§ 102, 103 and/or 112.

50.     Each of the claims of the '717 patent are invalid for failing to comply with one of more of the requirements for patentability specified by Part II of Title 35 of the United States Code §101 *et seq.*, including without limitation 35 U.S.C. §§ 102, 103 and/or 112.

51.     Brandywine is estopped from construing the claims of the '142 patent to cover or include, either literally or by application of the doctrine of equivalents, methods used, devices manufactured, used, imported, sold or offered for sale by Aastra USA because of admissions and statements to the PTO during prosecution of the applications leading to the issuance of the patent, disclosure or language in the specification of the patent and/or limitations in the claims of the patent.

52.     Brandywine is estopped from construing the claims of the '922 patent to cover or include, either literally or by application of the doctrine of equivalents, methods used, devices

manufactured, used, imported, sold or offered for sale by Aastra USA because of admissions and statements to the PTO during prosecution of the applications leading to the issuance of the patent, disclosure or language in the specification of the patent and/or limitations in the claims of the patent.

53.     Brandywine is estopped from construing the claims of the '717 patent to cover or include, either literally or by application of the doctrine of equivalents, methods used, devices manufactured, used, imported, sold or offered for sale by Aastra USA because of admissions and statements to the PTO during prosecution of the applications leading to the issuance of the patent, disclosure or language in the specification of the patent and/or limitations in the claims of the patent.

54.     The relief sought by Brandywine is barred in whole or in part by the doctrine of laches.

55.     To the extent that products accused of infringement were or are  used or manufactured by or for the United States , the relief sought by Brandywine is limited by 28 U.S.C. § 1498(a).

56.     The relief sought by Brandywine is barred in whole or in part by 35 U.S.C. § 287.

57.     Brandywine is not entitled to an injunction against Aastra Technologies because Brandywine has an adequate remedy at law.

## EXCEPTIONAL CASE

58.     This is an exceptional case pursuant to 35 U.S.C. § 285 entitling Aastra USA to an award of attorneys' fees as a result of, *inter alia*, Brandywine's failure to perform a reasonable pre-suit investigation of its infringement contentions against Aastra USA.

## PRAYER FOR RELIEF

WHEREFORE, Aastra USA hereby prays for the following relief:

a.   That the Court enter judgment that Brandywine is not entitled to any relief with respect to its allegations against Aastra USA and dismiss all of VirnetX's allegations with prejudice;

b.   That the Court enter a judgment that Aastra USA has not infringed and is not directly infringing or indirectly infringing by contribution or inducement, whether willfully or otherwise, any claim of the '142 patent, as alleged by Brandywine;

c.   That the Court enter a judgment that Aastra USA has not infringed and is not directly infringing or indirectly infringing by contribution or inducement, whether willfully or otherwise, any claim of the '922 patent, as alleged by Brandywine;

d.   That the Court enter a judgment that Aastra USA has not infringed and is not directly infringing or indirectly infringing by contribution or inducement, whether willfully or otherwise, any claim of the '717 patent, as alleged by Brandywine;

e.   That the Court enter a judgment that the claims of the '142 patent are invalid;

f.   That the Court enter a judgment that the claims of the '922 patent are invalid;

g.   That the Court enter a judgment that the claims of the '717 patent are invalid;

h.   That the Court declare this an exceptional case and award Aastra USA its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

i.   That the Court award Aastra USA such other and further relief as the Court may deem just and proper.

OF COUNSEL:

Jon B. Hyland

MUNSCH HARDT KOPF & HARR P.C.

3800 Lincoln Plaza

500 N. Akard Street

Dallas, TX 75201

(214) 855-7500

/s/ Andrew E. Russell

John W. Shaw (No. 3362)

Jeffrey T. Castellano (No. 4837)

Andrew E. Russell (No. 5382)

SHAW KELLER LLP

300 Delaware Avenue, Suite 1120

Wilmington, DE 19801

(302) 298-0700

jshaw@shawkeller.com

jcastellano@shawkeller.com

arussell@shawkeller.com

Dated:  May 14, 2013

*Attorneys for Defendant Aastra USA Inc.*